HARRY F. TWOMBLY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Twombly v. Commissioner
Docket No. 21824-90
United States Tax Court
T.C. Memo 1991-416; 1991 Tax Ct. Memo LEXIS 465; 62 T.C.M. (CCH) 597; T.C.M. (RIA) 91416; August 22, 1991, Filed *465 Decision will be entered for the respondent for the deficiency in tax and for the petitioner for the additions to tax. Harry F. Twombly, pro se. Catherine L. Campbell, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency and additions to tax in Harry F. Twombly's (hereinafter petitioner) 1988 Federal income taxes as follows: Additions to Tax Under Sections [1]
Year
Deficiency
6653(a)(1)
4980A [2]
1988
$ 13,677
$ 683.85
$ 4,629
After concessions, the issue to be decided is whether petitioner improperly used the 10-year averaging method to compute tax on a *466 distribution of an annuity made to him from the federal Civil Service Retirement Plan (hereinafter the Plan). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Bridgeport, Washington, when he filed his petition in this case. Petitioner retired from the Army Corps of Engineers on September 1, 1987, after 32 years of service. During his tenure with the Army Corps of Engineers, petitioner made after-tax contributions into the Civil Service Retirement System totaling $ 46,294. During 1988, petitioner received a gross annuity of $ 72,378.67 from the Federal government after $ 8,662.84 was withheld for Federal income taxes. The distribution included a $ 46,038.67 lump sum payment and a $ 26,340 annuity. Petitioner utilized 10-year averaging on his 1988 Federal income tax return to compute the Federal taxes owing on his retirement distribution. Petitioner believed that he was not required to pay any tax on the $ 46,294 he contributed to the Civil Service Retirement System upon its distribution to him in 1988, and petitioner reported *467 only the $ 26,340 annuity he received on his 1988 Federal income tax return. Petitioner continues to receive monthly annuity distributions from the Plan. Respondent concluded that, because the distribution was made subsequent to July 1, 1986, petitioner was required to compute the tax on the distribution using the exclusion ratio under section 72(b). Respondent further concluded that the distribution was not a total lump sum distribution, as required to be entitled to 10-year averaging. OPINION Respondent determined that petitioner improperly utilized the 10-year averaging method to compute tax on the distribution of the annuity from the Civil Service Retirement Plan. Respondent's determinations in the notice of deficiency are entitled to a presumption of correctness, and it is petitioner who has the burden of proving these determinations to be incorrect. ; Rule 142(a). Section 402 provides for the utilization of the 10-year averaging method. However, under section 402(e), the 10-year averaging method is only applicable for lump sum distributions, made completely within the recipient's taxable year, of the balance *468 to the credit of the employee in the plan which becomes payable on account of the employee (1) reaching the age of 59 1/2, (2) separating from service, (3) becoming disabled, or (4) dying. The entire balance to the credit within the plan must be distributed within the employee's taxable year. ; sec. 402(e)(4)(A).[3]
The Civil Service Retirement System is a qualified trust as described in section 401(a). See (slip op. at 7-9, 12). Section 402(a) provides that the amount distributed to a distributee by an employer's qualified trust is taxable to the distributee in the year of its distribution under section 72 (relating to annunities). Section 72, however, sets forth additional rules for the correct tax treatment of distributions made as annuities. Section 72(b) provides that gross income does not include that part of any amount *469 received as an annuity under an annuity contract which bears the same ratio to such amount as the investment in the contract (as of the annuity starting date) bears to the expected return under the contract. Section 72(c)(3)(A) provides that the Secretary shall prescribe actuarial tables, based on the individual's life expectancy, to compute the expected return. Therefore, by application of the exclusion ratio under section 72(b), an employee's contributions that are distributed to him in the form of an annuity are excluded from gross income over the period of the annuity. In the case at hand, petitioner did not receive the entire balance to his credit in the retirement plan within his taxable year 1988 as required by section 402(e)(4)(A). Instead, petitioner took a portion of the balance to his credit as an annuity, which is payable over many years. Indeed, petitioner admits in the stipulation of facts that he is still receiving the annuity payments. Consequently, under section 402(e), petitioner is not able to avail himself of the 10-year averaging for lump sum distributions. Petitioner also treated his contributions to his retirement account as totally nontaxable within *470 the taxable year 1988. He was misguided. Instead, under section 72(b), petitioner must compute his exclusion ratio and apply this ratio to all distributions received by him currently and over the life of the annuity. In this manner, a portion of each distribution will be taxable income to petitioner and a portion will be a return of his earlier contributions. Petitioner has brought forth no credible evidence establishing his right to utilize the 10-year averaging for lump sum distributions provided by section 402 under the facts in this case. Instead, petitioner disregards the Internal Revenue Code, the applicable regulations promulgated thereunder, and prior holdings of this Court in arguing that his treatment is correct. We hold petitioner's tax treatment of distributions made to him from the Civil Service Retirement Plan to be incorrect and without merit. We have reviewed petitioner's other arguments and find them wholly unpersuasive and without merit. To reflect the forgoing, Decision will be entered for the respondent for the deficiency in tax and for the petitioner for the additions to tax. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code as amended and in effect for the year in issue, and Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Prior to trial, but after the notice of deficiency was issued, respondent conceded the additions to tax under secs. 6653(a)(1) and 4980A.↩
3. See .↩